[L. A. No. 5763.   In Bank.—December 4, 1918.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

EXECUTION—SUPPLEMENTAL PROCEEDINGS—DISCLOSURE BY TRUST COMPANIES—APPLICABILITY OF EXCEPTION OF BANK ACT.—A proceeding instituted under and in accordance with the provisions of chapter 2 of title IX of the Code of Civil Procedure, entitled "Proceedings Supplemental to Execution," comes within the exception embraced in the final proviso of section 103 of the Bank Act authorizing a court in a pending proceeding to require disclosure by a trust company of any communication or writing "touching the existence, condition, management or administration of any trust," notwithstanding no trust was involved in the action in which the proceedings were had.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the Second Appellate District.   Writ denied.

The facts are stated in the opinion of the court.

Erle M. Leaf and James E. Shelton, for Petitioner.

John W. Luter and Randall & Bartlett, for Respondents.

RICHARDS, J., *pro tem.*—This application for a writ of prohibition was presented to the district court of appeal for

the second appellate district and an alternative writ issued. Upon the hearing thus ordered the justices of that court, being unable to agree as to whether a permanent writ should issue, the matter was transferred to this court for decision.

The facts upon which the application for the writ was based are briefly these: One Charles C. Branch commenced an action in the superior court of the county of Los Angeles against George C. Peckham and H. E. Branch, and in said action recovered judgment against said defendants in the sum of $579.75 and costs of suit. Thereafter, and on March 7, 1918, an execution was issued upon such judgment in the usual form, which was delivered to the sheriff of said county for levy. On March 8, 1918, the said sheriff levied said execution upon the petitioner herein, by notifying said petitioner that all moneys, goods, credits, and debts due or owing, or any personal property in petitioner's possession or under its control belonging to said defendants, and particularly any escrow by which defendant H. E. Branch was to receive money from Gillman Bros., or others, for the sale of Gillman's Relief Hot Springs, formerly known as San Jacinto Hot Springs of San Jacinto, California, were attached by virtue of the execution, a copy of which was delivered to the petitioner. To this levy and garnishment the petitioner made no reply, where-upon and on May 1, 1910, upon the filing of an affidavit of L. B. Randall, one of the attorneys of record of the plaintiff in said action, setting forth the fact of said garnishment and of the failure of the petitioner herein to reply thereto, and averring "that the Title Insurance and Trust Company of Los Angeles, California, has in its possession and under its control money and personal property belonging to the defendant H. E. Branch," and further deposing that according to the information and belief of the affiant, "said Title Insurance and Trust Company has in its possession or under its control certain books, papers, and documents showing the condition and details of the said assets of said defendant," and thereupon praying for an order of said court requiring the officers of said petitioner to appear and be before said court at a designated time, there to "answer such questions as may be proper concerning the assets of said defendant H. E. Branch in the hands of or under the control of said Title Insurance and Trust Company, producing with them at said time and place all books, papers, and documents necessary to

show the condition and details of said assets of said defendant in its control," the court thereupon made an order in accordance with the prayer of said application, which was duly served upon the petitioner herein, and thereafter one of the officials of said petitioner appeared before said court in response to said application and order, and a hearing was then had thereon, at which hearing the said official of said petitioner was asked the question as to whether petitioner had in its possession or under its control any property belonging to the defendant H. E. Branch; to which question the said official of the petitioner answered that the petitioner had no property in its possession or under its control belonging to the said defendant, "unless the same was in connection with a private trust." He was thereupon asked if the petitioner had in its possession or under its control any property belonging to the defendant H. E. Branch in connection with any private trust. This question he declined to answer for the stated reason that the petitioner was required under section 103 of the California Bank Act, under which it was organized, to keep inviolate all communications and writings made to or by any trustee touching upon the existence, condition, management, and administration of any private trust confided to such trustee, except in certain instances provided in said section within which exceptions this proceeding did not come. Thereupon the court made an order that the hearing be continued to the fifteenth day of May, 1918, and that said court on said day would require the said official of said petitioner to fully answer all questions relating to the existence and condition of any private trust of which the petitioner herein might be trustee, and in which the said defendant H. E. Branch might have any beneficial interest. It is the making and threatened enforcement of this order which the petitioner herein claims is beyond the jurisdiction of said court.

The section of the Bank Act of California upon which this claim is predicated reads as follows:

"Any trust company exercising the powers and performing the duties provided for in this act, shall, except as herein otherwise provided, keep inviolate all communications and writings made to or by said trustee touching the existence, condition, management and administration of any private trust confided to it; and no creditor or stockholder of any

such trust company shall be entitled to disclosure or knowledge of any such communication or writing; provided, however, that the president, vice-president, manager, trust officer, secretary or regularly employed attorney of any such trust company shall be entitled to knowledge of any such communication or writing; and provided further, that in any suit or proceeding touching the existence, condition, management or administration of any such trust, the court wherein the same is pending may require disclosure of any such communication or writing." (Stats. 1913, p. 183.)

It is the concluding proviso of the foregoing section of the Bank Act which, according to the respondents' contention herein, justifies the making and enforcement of the order which the petitioner herein objects to and seeks to avoid. We are satisfied that the respondents' contention in that behalf must be sustained. It is true that the original action in which the judgment was entered which is sought to be enforced by the writ of execution which was served upon the petitioner did not involve any matter touching the existence, condition, management, or administration of the private trust which the petitioner claims the right to keep inviolate; but we think it is equally true that the proceeding in which the order of the court complained of was immediately made was such a proceeding as was contemplated in the final proviso of said Bank Act as being one touching the existence, condition, management, and administration of such trust as to authorize the court to require a disclosure of any communication or writing within the possession or knowledge of the petitioner with regard to the same. The proceeding in question was one instituted under and in accordance with the provisions of chapter 2 of title IX of the Code of Civil Procedure, entitled "Proceedings Supplemental to Execution." Section 717 of said code under that title reads as follows:

"After the issuing or return of an execution against property of the judgment debtor, or of any one of several debtors in the same judgment, and upon proof by affidavit or otherwise, to the satisfaction of the judge, that any person or corporation has property of such judgment debtor, or is indebted to him in an amount exceeding fifty dollars, the judge may, by an order, require such person or corporation, or any officer or member thereof, to appear at a specified time

and place before him, or a referee appointed by him, and answer concerning the same."

It thus appears that the supplemental proceedings provided for by this chapter, and particularly by the above-quoted section thereof, have for their direct and immediate purpose and procedure the making of such inquiries of persons other than the judgment debtor as may serve to reveal to his execution creditor and to the court the existence and condition of such property or interests of such debtor as may be within the possession or control of such persons. It is a proceeding, therefore, "touching the existence, condition, management and administration" of any trust with which the petitioner herein may be invested respecting property or interests of the judgment debtor, and which have thereby been placed in its possession or under its control. It comes, therefore, within the exception embraced in the foregoing final proviso of the Bank Act, and under its terms the court had and has power to make the precise inquiry which the petitioner herein seeks to prohibit.

It may be suggested in conclusion that the construction of the foregoing section of the Bank Act for which the petitioner contends would open a convenient door to judgment debtors behind which they might safely sequester their property and effects subject to execution, and thereby set at defiance and render practically ineffectual the salutary provisions of the Code of Civil Procedure relating to proceedings supplemental to execution.

The writ is denied.

Wilbur, J., Sloss, J., Victor E. Shaw, J., *pro tem.*, Lorigan, J., Melvin, J., and Angellotti, C. J., concurred.